

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-49,642-02

### EX PARTE JOHN DAVID SHOCKLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-51734-T(A) IN THE 283RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Shockley v. State*, No. 05-12-00707-CR (Tex. App. — Dallas, October 16, 2013)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel did not elicit testimony from Applicant himself during the guilt/innocence stage of trial to prove that

the gun used by Applicant during the robbery was a plastic toy, and not a deadly weapon.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. On January 14, 2015, a timely order designating issues was signed by the trial court. The habeas record was then properly forwarded to this Court pursuant to Tex. R. App. P. 73.4 (b)(5), but without the designated issues being resolved by the trial court.[1] We now remand this application to the 283rd Judicial District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state whether or not he advised Applicant not to testify on his own behalf at the guilt/innocence stage of trial, and if he did so advise Applicant, what the specific reasons for this decision were. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the

---

[1] Under Tex. R. App. P. 73.5, a trial court may request an extension of time to resolve designated issues by filing a motion before the expiration of 180 days from the date of the receipt of the application by the State.

performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish